**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRYAN PEREZ,<br><br>            Plaintiff,<br><br>     v.<br><br>KILOLO KIJAKAZI,[1]<br><br>            Defendant. | Case No. 2:20-cv-06236-JLS (MAA)<br><br>**ORDER OF DISMISSAL** |

**I.    SUMMARY OF PROCEEDINGS**

On July 14, 2020, Plaintiff Bryan Perez ("Plaintiff") initiated this action for review of a final decision of the Commissioner of Social Security denying an application for Supplemental Security Income ("SSI"). (Compl., ECF No. 1.) On July 14, 2020, Plaintiff also filed a Request to Proceed In Forma Pauperis (ECF No. 3), which the Court granted on July 16, 2020 (ECF No. 5).

On July 16, 2020, the Court issued an Initial Case Management Order Regarding Proceedings in Social Security Appeals with a Pro Se Litigant ("Order-1"). (Order-1, ECF No. 6.) Order-1 explained that the action was stayed, but that Plaintiff could serve the summons and Complaint. (*Id.* § I.) Order-1 also explained

---

[1] The Defendant is substituted pursuant to Federal Rule of Civil Procedure 25(d).

that the stay would remain in place until the Commissioner of Social Security either (a) filed a proof of service showing service of the Certified Administrative Record ("CAR") on Plaintiff; or (b) filed the CAR directly with the District Court. (*Id*.) Thereafter, case deadlines would proceed pursuant to Order-1. (*Id*.) A summons issued on August 4, 2020. (ECF No. 7.)

On April 15, 2021, the stay was lifted pursuant to Order of the Chief Judge No. 21-37. Once the stay was lifted, pursuant to Order-1, Plaintiff had thirty days to file a proof of service of the summons and Complaint—that is, until **May 17, 2021**. (*See* Order-1 § IV.)

On November 1, 2021, in the absence of a filed proof of service or response to Order-1, the Court ordered Plaintiff to show cause by no later than **December 1, 2021**, why this action should not be dismissed without prejudice for his failure to prosecute and/or failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b) ("Order-2"). (Order-2, ECF No. 9.) The Court "**expressly cautioned that failure to comply with this Order may result in a dismissal of the Complaint without prejudice for failure to prosecute and/or failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b)**." (*Id*. at 2.)

On January 13, 2022, in the absence of a filed proof of service or response to Order-1 or Order-2, the Court ordered Plaintiff to show cause by **February 14, 2022**, why the Court should not recommend that the lawsuit be dismissed for failure to prosecute and comply with a Court order ("Order-3"). (Order-3, ECF No. 10.) The Court stated that if Plaintiff filed a proof of service on or before that date, Order-3 would be discharged, and no additional action need be taken. (*Id*. at 2.) The Court again "**cautioned that failure to respond to this Order may result in dismissal of the Complaint without prejudice for failure to prosecute and/or failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).** *See* **C.D. Cal. L.R. 41-1**." (*Id*. at 2.)

To date, Plaintiff has failed to respond to Order-1, Order-2, or Order-3. Indeed, Plaintiff has not communicated with the Court since initiating this action on July 14, 2020.

## II.   LEGAL STANDARD

District courts may dismiss cases *sua sponte* for failure to prosecute or for failure to comply with a court order under Federal Rule of Civil Procedure 41(b). *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962) (holding that the court has "inherent power" to dismiss cases *sua sponte* for lack of prosecution). Unless the Court states otherwise, a dismissal under Rule 41(b) operates as an adjudication on the merits. Fed. R. Civ. P. 41(b). "Dismissal is a harsh penalty and is to be imposed only in extreme circumstances." *In re: Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. USPS*, 833 F.2d 128, 130 (9th Cir. 1987)).

"A Rule 41(b) dismissal 'must be supported by a showing of unreasonable delay.'" *Omstead v. Dell*, 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). In addition, the court must weigh the following factors in determining whether a Rule 41(b) dismissal is warranted: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). The Ninth Circuit will "affirm a dismissal where at least four factors support dismissal, or where at least three factors strongly support dismissal." *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011) (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Finally, "in order to warrant a sanction of

///

dismissal, the party's violations of the court's orders must be due to wilfulness or bad faith." *Id*.

### III. ANALYSIS

#### A. The Public's Interest in Expeditious Resolution and the Court's Need to Manage Its Docket

The first and second factors (the public's interest in expeditious resolution of litigation and the Court's need to manage its docket)[2] weigh in favor of dismissal. "Orderly and expeditious resolution of disputes is of great importance to the rule of law." *In re: Phenylpropanolamine*, 460 F.3d at 1227. "The public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan*, 291 F.3d at 642 (quoting *Yourish*, 191 F.3d at 990). In addition, district courts "have an inherent power to control their dockets," *In re: Phenylpropanolamine*, 460 F.3d at 1227 (quoting *Thompson v. Hous. Auth. of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986)), and "are best suited to determine when delay in a particular case interferes with docket management and the public interest." *Yourish*, 191 F.3d at 990 (quoting *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984)).

Plaintiff has failed to respond to Order-1, Order-2, and Order-3, and otherwise has not participated in this action since July 14, 2020. The Court concludes that Plaintiff's inaction and lack of communication with the Court constitute willful unreasonable delay. *See, e.g., Thomas v. Maricopa Cnty. Jail*, 265 F. App'x. 606, 607 (9th Cir. 2008) (holding that district court did not abuse its discretion by dismissing *pro se* prisoner lawsuit for failure to respond to a court order for almost three months). Plaintiff's noncompliance also interferes with the public's interest in the expeditious resolution of this litigation and hinders the Court's ability to manage its docket. *See In re: Phenylpropanolamine*, 460 F.3d at

---

[2] The first two factors are usually reviewed together "to determine if there is an unreasonable delay." *In re Eisen*, 31 F.3d 1447, 1452 (9th Cir. 1994).

1227 ("[The Ninth Circuit] defer[s] to the district court's judgment about when a delay becomes unreasonable 'because it is in the best position to determine what period of delay can be endured before its docket becomes unmanageable.'") (quoting *In re Eisen*, 31 F.3d at 1451)). The first and second factors favor dismissal.

### B. Risk of Prejudice to Defendants

The third factor (risk of prejudice to the defendants) also weighs in favor of dismissal. "A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *In re: Phenylpropanolamine*, 460 F.3d at 1227 (quoting *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990)). "The law also presumes prejudice from unreasonable delay." *Id*. The risk of prejudice to a defendant is related to a plaintiff's reason for failure to prosecute an action. *Pagtalunan*, 291 F.3d at 642. "Whether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the plaintiff's excuse for the default." *Malone*, 833 F.2d at 131.

Plaintiff has failed to respond to Order-1, Order-2, and Order-3, without explanation. As "a presumption of prejudice arises from the plaintiff's unexplained failure to prosecute," the third factor favors dismissal. *See Hernandez v. City of El Monte*, 138 F.3d 393, 400 (9th Cir. 1998).

### C. Availability of Less Drastic Alternatives

The fourth factor (the availability of less drastic alternatives) also supports dismissal. "The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson*, 779 F.2d at 1424.

The Court considered and implemented less drastic alternatives prior to dismissal. The Court warned Plaintiff that failure to comply with Order-2 and

5

Order-3 could result in a recommendation that the Complaint be dismissed without prejudice for failure to prosecute and/or failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b). (*See* Order-2; Order-3.) *See In re: Phenylpropanolamine*, 460 F.3d at 1229 ("Warning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement."). The Court also extended Plaintiff's deadline twice: from May 17, 2021 to December 1, 2021, and again to February 14, 2022. (*See* Order-1, Order-2, Order-3.) *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (holding that the district court's allowance of an additional thirty days for plaintiff to file an amended complaint was an attempt at a less drastic sanction). The fourth factor weighs in favor of dismissal.

### D. Public Policy Favoring Disposition on the Merits

As to the fifth factor, "[p]ublic policy favors disposition of cases on the merits." *Pagtalunan*, 291 F.3d at 643. However, "a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines . . . cannot move toward resolution on the merits." *In re: Phenylpropanolamine*, 460 F.3d at 1228. Thus, "this factor lends little support to a party whose responsibility it is to move a case towards disposition on the merits but whose conduct impedes progress in that direction." *Id.* (internal quotation marks omitted). The case has been stalled by Plaintiff's failure to respond to the Court's orders (Order-1, Order-2, Order-3). Still, the public policy favoring the resolution of disputes on the merits is strong and, under the circumstances, outweighs Plaintiff's noncompliance and inaction.

### E. Dismissal Without Prejudice

In summary, Plaintiff's failure to respond to Order-1, Order-2, and Order-3, and failure to otherwise participate in this lawsuit since July 14, 2020, constitute willful unreasonable delay. Four of the Rule 41(b) dismissal factors weigh in favor

of dismissal, whereas only one factor weighs against dismissal. "While the public policy favoring disposition of cases on their merits weighs against [dismissal], that single factor is not enough to preclude imposition of this sanction when the other four factors weigh in its favor." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1022 (9th Cir. 2002). The Court concludes that dismissal of this action for failure to prosecute and to comply with Court orders is warranted, but, consistent with Rule 41(b) and this Court's exercise of its discretion, the dismissal is without prejudice.

## IV. CONCLUSION

IT THEREFORE IS ORDERED that this lawsuit is DISMISSED without prejudice. No further filings shall be accepted under this case number.

DATED: March 14, 2022

JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE

Presented by:

_____
MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE